**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Northern Division)**

| | | |
|---|---|---|
| Joseph Greely<br>11612 Cedar Lane<br>Kingsville, Maryland 21087 | *<br><br>* | |
| Andrei Turets<br>4413 Hooper Avenue<br>Baltimore, Maryland 21229 | *<br><br>* | Civil Action No. |
| Lakia Cumbo<br>4102 Ardley Avenue<br>Baltimore, Maryland 21213 | *<br><br>* | |
| | * | |
| *Plaintiffs, on behalf of themselves and others similarly situated, and all who filed or will file consent to suit forms in this case* | *<br><br>*<br><br>* | |
| v. | * | |
| Baltimore City Fire Department<br>401 E Fayette Street<br>Baltimore, MD 21202 | *<br><br>* | |
| and | * | |
| Mayor and City Council of<br>Baltimore, Maryland<br>100 N. Holliday Street<br>Baltimore, MD 21202 | *<br><br>*<br><br>* | |
| **Serve On:**<br>Ebony M. Thompson<br>City Hall, Room 101<br>100 N. Holliday Street<br>Baltimore, MD 21202 | *<br><br>*<br><br>* | |
| *Defendants.* | | |

* * * * * * * * * * * * * *

## CLASS AND COLLECTIVE ACTION COMPLAINT

Plaintiffs Joe Greely, Andrei Turets, Lakia Cumbo, for themselves and all others similarly situated, and all who will file a consent to suit form (FLSA claim), by their undersigned attorneys, bring this action against Defendants, Baltimore City Fire Department and the Mayor and City Council of Baltimore, Maryland, and allege as follows:

### Introduction

1. The above-named Plaintiffs ("Named Plaintiffs" or "Plaintiffs") bring this action against the Baltimore City Fire Department and the Mayor and City Council of Baltimore, Maryland (collectively, "Defendants") based on the Baltimore City Fire Department's ongoing and deliberate failure to compensate its employees for overtime work, in direct violation of the Fair Labor Standards Act ("FLSA"). The Fire Department's unlawful practices recur despite the Court's long-ago ruling in *Nally v. Mayor and City Council of Baltimore*, in which the Court found the Department is obligated to pay overtime to personnel assigned to perform emergency medical service ("EMS"). 796 F.Supp. 194 (D.Md. June 22, 1992). Personnel assigned to the Department's EMS division and serving on medic units are due overtime for hours worked beyond forty (40) in a week, and are not exempt as fire rescue personnel. Nonetheless, the Department has assigned junior personnel to serve 1,800 hours on medic units exclusively but does not pay accurate overtime to those personnel, instead misclassifying them as exempt fire rescue personnel.

2. Even after receiving notice from the Union of its unlawful overtime practices and their obligations under the FLSA in January 2026, the Fire Department has continued to refuse to compensate employees correctly for overtime hours worked, and refused to pay damages required under the FLSA. The Fire Department's continued refusal to pay accurate overtime,

notwithstanding its knowledge of its legal obligations, demonstrates its deliberate disregard for the requirements of the FLSA – i.e. the same "freewheeling" ways that the City tried decades ago.

3. Plaintiffs are employees of the Baltimore City Fire Department, an entity operating entirely under the Mayor and City Council of Baltimore, Maryland. Named Plaintiffs work for Defendants, which employ over 1,000 first responders at multiple fire stations in Baltimore, Maryland. Plaintiffs bring this civil action for relief stemming from Defendants' willful refusal to pay their wages in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219.

4. Named Plaintiffs also bring this action as a collective action pursuant to the FLSA, 29 U.S.C. §§ 207 & 216(b) on behalf of themselves and other similarly situated current and former employees of Defendants who were subject to Defendants' schemes to violate the FLSA.

5. Plaintiffs seek unpaid wages, damages, and attorneys' fees and costs on behalf of themselves and the class they seek to represent with respect to their FLSA claims.

## **Jurisdiction and Venue**

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), 29 U.S.C. § 216(b) (FLSA), and 28 U.S.C. § 1367 (supplemental jurisdiction).

7. This Court has personal jurisdiction over Defendants because the Baltimore City Fire Department and Mayor and City Council of Baltimore are located entirely within the State of Maryland and the events giving rise to this Complaint occurred entirely within Maryland.

8. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.

## Parties

9. Named Plaintiffs are Maryland residents. They work, or previously worked, for Defendants during the last two years.

10. As required by the FLSA, 29 U.S.C. § 216(b), Plaintiffs have given their written consent to become a party to this action. A true and correct copy of the Named Plaintiffs' FLSA consent forms are attached hereto as Exhibit 1. As this case proceeds, it is likely other individuals will file consent forms and join as opt-in plaintiffs.

11. During the time period relevant to this complaint, other similarly situated individuals were employed by Defendants within the meaning of the FLSA, 29 U.S.C. § 203(g).

12. Defendant the Mayor and City Council of Baltimore is a municipal government operating as an independent city in Maryland. The Baltimore City Fire Department operates under the Charter of Baltimore City Article VII Executive Departments §§47-53. The Baltimore City Fire Department provides fire suppression services, emergency medical services, and other services throughout the City of Baltimore.

13. The Baltimore City Fire Department and City of Baltimore, respectively operated with the consent of and by the Mayor and City Council of Baltimore, were Plaintiffs' and similarly situated individuals' employer within the meaning of the FLSA, 29 U.S.C. § 203(d).

## General Factual Allegations

14. Defendants, as employers and/or joint employers, employed Plaintiffs and similarly situated employees to work as firefighters in Baltimore City at all times relevant to this claim.

15. When the Baltimore City Fire Department hires employees, the employees are required to complete a rigorous training program at the Fire Academy before they are assigned to work in a fire suppression unit.

16. Starting in 2024, and announced formally on November 14, 2024 in Departmental Order 111-24, the Baltimore City Fire Department initiated a new program for employees who had graduated from the Fire Academy. The Baltimore City Fire Department would require each class of employees who had graduated from the Fire Academy to complete an 1800-hour EMS detail assignment (the "EMS detail assignment") before it assigned them to fire suppression units.

17. On December 6, 2024, Defendants required Plaintiffs Andrei Turets and Joseph Greely and similarly situated employees to complete the EMS detail assignment. Plaintiffs subsequently completed her 1800-hour detail assignment.

18. On February 26, 2025, Defendants required Plaintiff Lakia Cumbo and similarly situated employees to complete the EMS detail assignment. Plaintiff Lakia Cumbo subsequently completed her 1800-hour detail assignment.

19. There have been at least 6 classes of similarly situated employees required to work the EMS detail assignment since November 2024.

20. At all times during their respective EMS detail assignment, Defendants employed Plaintiffs and similarly situated employees.

21. During the 1800-hour EMS detail assignment, Defendants detailed Plaintiffs and similarly situated employees to the medic units and required them to work as EMS-personnel.

22. Plaintiffs and similarly situated employees performed the work of EMS-personnel during their EMS detail assignment, including, but not limited to: performing medical services, providing emergency treatment at the scene of an accident, transporting sick and injured persons to medical facilities, and providing patient care until patient is transported to a medical facility.

23. While working in the medic units for the EMS detail assignment, Plaintiffs and similarly situated employees were not allowed to perform fire suppression assignments or take

overtime shifts in fire suppression units. Plaintiffs and similarly situated employees did not perform any duties that are required for or directly concerned with the prevention, control, or extinguishment of fires.

24. Employees assigned to medic units work a schedule of two 10-hour days, followed by two 14-hour nights, followed by four days off. The result is scheduled annual hours totaling 2,190; and, correspondingly, a schedule averaging 42 hours per week.

25. Thus, routinely during the EMS detail assignment, Plaintiffs and similarly situated employees worked more than 40 hours per week; however, Defendants did not pay them an overtime rate of 1.5 times their regular hourly rate for hours worked beyond 40 in a given workweek, despite the fact that they were entitled to an overtime rate for such hours under federal law.

26. Defendants did not compensate Plaintiffs and similarly situated employees time and a half for the hours worked in excess of 40 during their EMS detail assignment. In certain instances, Defendants paid overtime compensation only for hours worked in excess of 48 per workweek, thereby failing to compensate Plaintiffs and similarly situated employees at the applicable time and a half rate for the first eight hours of overtime worked.

27. For example, during the pay period of July 30, 2025, to August 12, 2025, Plaintiff Joseph Greely worked 96 hours total hours for Defendant. For this same pay period, Plaintiff was not paid any overtime pay. *See* Exhibit 2. Instead, he was paid straight pay, plus 96 cents per hour for acting out of title, for all hours worked. *Id.*

28. On January 30, 2026, Local 734 of the International Academy of Fire Fighters (the "Union") informed Chief Wallace and Chief Matz, the chiefs of the Fire Department, that

firefighters detailed to EMS assignments were not paid the required FLSA compensation for their hours worked in excess of 40.

29. The City failed to take any action to correct Plaintiffs' and similarly situated employees' overtime pay. Defendants continued to apply the same practices with similarly situated employees during their EMS detail assignments.

30. The Union notified Defendants three more times that firefighters detailed to EMS assignments were not being paid correctly, on February 3, March 5, and April 27, 2026.

31. Again, the City failed to take any action to correct Plaintiffs and similarly situated employees' overtime pay. Defendants continued to apply the same practices with similarly situated employees during their EMS detail assignments.

32. On September 4, 2026, the Union notified Defendants for a fifth time that their practice violated the FLSA and requested backpay, liquidated damages, and attorney's fees consistent with the FLSA. Exhibit 3.

33. Six days later, on September 10, 2026, Defendants agreed to pay Plaintiffs and similarly situated employees backpay solely in the amount of time and a half for their hours worked in excess of 40 during their EMS detail assignment. Exhibit 4. Defendant Baltimore City Fire Department stated it would likely take six weeks for the backpay to process.

34. As of the time of filing this lawsuit, Defendants have not paid the promised backpay for Plaintiffs' and similarly situated employees' overtime during the EMS detail assignment, nor have they paid, or promised to pay, liquidated damages or attorney's fees due.

35. Defendants' unlawful refusal to pay overtime was willful, in that Defendants knew that their actions violated the law.

36. Defendants knew that EMS-detailed employees are required to be paid overtime for hours in excess of 40 because they previously engaged in this practice, which was deemed unlawful and violative of the FLSA by this very court. *Nally v. Mayor of Baltimore*, 796 F.Supp. 194 (D.Md. June 22, 1992).

37. Further, Defendants knew that EMS-detailed employees are required to be paid overtime because the Union notified them three separate times that they were paying employees incorrectly, starting in January 2026.

38. Upon information and belief, Defendants applied these same practices with other similarly situated employees.

**Collective Action Allegations Under the FLSA**

39. Plaintiffs repeat and incorporate by reference all the allegations set forth above.

40. Pursuant to the FLSA, 29 U.S.C. § 207, employers are generally required to pay overtime compensation at an hourly rate of 1.5 times an employee's regular rate of pay for hours worked over 40 in a workweek.

41. While firefighters are generally exempt from this rule, Plaintiffs did not perform fire suppression-related activities during their EMS detail assignment and therefore do not fall within the §7(k) firefighter exception.

42. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid overtime compensation, liquidated damages, interest, and attorneys' fees and costs under the FLSA.

43. Plaintiffs and similarly situated employees were victims of a common scheme by Defendants to violate the FLSA.

44. Defendants' scheme included violating the FLSA's overtime requirements through their practice or policy of failing and/or refusing to pay employees the FLSA-mandated overtime rate for overtime hours.

45. Despite Plaintiffs clearly being employees entitled to overtime pay for hours worked in excess of 40 hours in one workweek, Defendants have maintained their practice of failing to pay the proper overtime compensation to Plaintiffs and similarly situated employees.

46. Plaintiffs seek collective-action status on behalf of all individuals employed by Defendants that were required to work the 1800-hour EMS program, at any time during the period beginning in 2024, through the date of judgment in this action, who did not receive overtime compensation due for hours worked in excess of 40 per week ("the FLSA Class").

47. On information and belief, members of the FLSA Class were all similarly subject to Defendants' common practices, policies, or plans to require or permit them to perform work for Defendants' benefit without FLSA-mandated overtime wages during their 1800-hour EMS detail assignment.

48. These similarly situated employees are known only to Defendants, are readily identifiable, and may be located through Defendants' records. They may readily be notified of this action and allowed to opt in to it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, interest, and attorneys' fees and costs under the FLSA.

**COUNT I**
**FAIR LABOR STANDARDS ACT**
**(Individual and Collective Actions for Denial of Overtime Wages)**

49. Plaintiffs repeat and incorporate by reference all the allegations set forth above.

50. Defendants failed to pay Named Plaintiffs and the FLSA Class overtime wages in violation of 29 U.S.C. § 207.

51. Defendants' violations of the FLSA were willful, as that term is used in 29 U.S.C. § 255(a). Defendants knew their violations were unlawful, or showed reckless disregard for whether their conduct was prohibited.

52. Defendants' violations were not the result of a good-faith, reasonable error.

53. Defendants are liable to Named Plaintiffs and the FLSA Class under 29 U.S.C. § 216(b) for their unpaid overtime wages, liquidated damages, interest, reasonable attorneys' fees and costs, and any other relief deemed appropriate by the Court.

## **PRAYER FOR RELIEF**

WHEREFORE, Named Plaintiffs request that this Court grant the following relief:

a) Certify this matter as a collective action under the FLSA pursuant to 29 U.S.C. § 216(b);

b) Certify this action as a class action pursuant to Fed. R. Civ. P. 23 on behalf of the proposed Class, and appoint Plaintiffs as class representative and their counsel as class counsel;

c) Find that Defendants' actions were willful, not in good faith, not reasonable, and not the result of a bona fide dispute;

d) Grant judgment against Defendants, jointly and severally, and in favor of Named Plaintiffs and each member of the FLSA Class, in the amount of Plaintiffs' and each FLSA Class member's respective unpaid overtime wages, plus an equal amount in liquidated damages pursuant to 29 U.S.C. § 216(b);

e) Award Named Plaintiffs and the FLSA Class pre- and post-judgment interest on all amounts owed as allowed by law;

f) Award Named Plaintiffs their costs and reasonable attorneys' fees incurred in this action, as provided in 29 U.S.C. § 216(b).

g) Grant such other and further relief as the Court may deem just and proper.

**JURY DEMAND**

Plaintiffs request trial by jury.

Date: November 19, 2026

Respectfully submitted,

By:
*/s/ David G. Wright*

David G. Wright (Federal Bar No. 29240)
Sarah F. Basile (Federal Bar No. 32591)
Wright, Ryon & Maher, P.A.
201 N. Charles Street
Tenth Floor
Baltimore Maryland 21201
phone: 410-244-1010
fax: 410-244-8001
wright@wrightryon.com
Basile@wrightryon.com

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 19th day of November, 2026, this Complaint was electronically filed with the Court using the CM/ECF system, which will then send electronic notification of the filing to all counsel of record by electronic mail.

*/s/ David G. Wright*
David G. Wright